UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DESIREE TANNER,** | ) | CASE NO. 1:10CR405 |
| | ) | 1:12CV2152 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Desiree Tanner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 747. The petition is DENIED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

In her first ground for relief, Tanner asserts that her guilty plea was not knowing and voluntary. Specifically, Tanner contends that her counsel and this Court failed to advise her of her right to a speedy trial.

A plea of guilty is valid if it is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175 (2005); *Bousley v. United States*, 523 U.S. 614 (1998), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). To enter a knowing plea, the defendant must understand the true nature of the charge against her. *Stumpf v. Mitchell*, 367 F.3d 594, 608 (6th Cir. 2004). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all direct consequences of her plea. *Brady*, 397 U.S. at 755. Although no precise litany of rights waived is required, *Sparks v.. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988); *Campbell v. Marshal*, 769 F.2d 314, 324 (6th Cir. 1985), the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Riggins v. McMacken*, 935 F.2d 790, 895 (6th Cir. 1991).

In the instant matter, Tanner's sole contention – that she was uninformed about her right to a speedy trial – is belied by the record. Tanner executed a signed, written waiver of her right to a speedy trial on November 22, 2012. Tanner executed this document only after the Court explained her right to a speedy trial in open court. Accordingly, Tanner's claim that the right was never explained to her has no support in the record.

The Court has also fully reviewed the transcript of Tanner's change of plea hearing. Tanner was advised of the full array of Constitutional rights that she would be waiving by entering a plea of guilty. As such, her first ground for relief has no merit.

In her second ground for relief, Tanner contends that this Court failed to consider her mitigating factors during sentencing. Specifically, Tanner asserts that the Court failed to consider her relative culpability, her age, and her history of substance abuse in handing down her sentence. Again, the record does not support these assertions. The Court heard from Tanner regarding her past drug abuse and discussed that factor when handing down its sentence. Similarly, while Tanner

appears to contend that her older age makes her less to recidivate, the Court discussed *at length* the fact that Tanner's criminal history was incredibly extensive. The Court was careful to note that prior short sentences and probationary sentences had done nothing to deter criminal conduct. As such, the Court very clearly took into account Tanner's likelihood of recidivism. Finally, the Court also discussed Tanner's relative culpability. The Court noted the size of the drug conspiracy at issue and noted that it had previously sentenced nearly 15 of Tanner's co-defendants. The Court classified Tanner as a mid-level heroin dealer and sentenced her accordingly.

In short, the record reflects that the Court addressed each of the issues that Tanner claims were not addressed during sentencing. Moreover, the Court gave Tanner a sentence at the low end of the guideline range, but also ordered that sentence to run consecutive to her state court sentence. Thus, there is simply no support for any downward departure. Tanner's second ground for relief has no merit.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: October 3, 2012 /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**